# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| | |
|---|---|
| VITALSOURCE TECHNOLOGIES LLC, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> CHEGG, INC., ) <br> ) <br> **Defendant.** ) | Case No. _____ |

## COMPLAINT

For its Complaint against Defendant Chegg, Inc. ("Chegg"), Plaintiff VitalSource Technologies LLC ("VST"), states as follows:

1. Plaintiff VST is wholly owned by Ingram Industries Inc., a corporation organized and existing under the laws of the state of Tennessee, with its principal place of business in Tennessee.

2. Defendant Chegg is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in California.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because it involves claims between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

5. The Court has personal jurisdiction over Chegg pursuant to Tenn. Code Ann. § 20-2-214, because Chegg's conduct described herein constitutes transacting business within the State of Tennessee. This includes, without limitation, entering into contracts with VST, an entity based in Tennessee, for services to be rendered and materials to be furnished in Tennessee.

02548843

6. VST is in the business of enabling the distribution of content in a digital format ("Digital Content") uploaded to and managed in VST's Manage Platform (f/k/a VST's Connect Platform") and an e-reader branded as "Bookshelf" ("VST eReader").

7. Chegg is in the business of licensing, selling, renting, and distributing Digital Content.

8. On October 12, 2016, VST and Chegg entered into the Vital Source Digital Content and Platform Service Agreement ("Agreement").

9. Copies of the Agreement are in Chegg's possession.

10. Generally, this Agreement provided Chegg with access to VST's Manage Platform to facilitate Chegg's sale and distribution of Digital Content.

11. In Section 5.2 of the Agreement (**Chegg Grant of Exclusivity**), Chegg promised to "use no other eReader to sell or promote Digital Content sales."

12. Chegg further agreed "that the VST eReader will be the only Chegg-branded eReader it sells or promotes."

13. This grant of exclusivity by Chegg continues during the term of the Agreement.

14. According to Section 2.1 (**Term**), the Agreement auto-renews for additional one-year terms on each anniversary of the date of Acceptance (July 12) unless a party notifies the other of its intent not to renew at least six months prior to the expiration of the current term.

15. In other words, if Chegg had wished to terminate the Agreement by July 12, 2020, it would have had to have notified VST of its intention not to renew the Agreement at least six months prior – no later than January 12, 2020.

16. Because Chegg did not notify VST by January 12, 2020 that it did not wish to renew the Agreement, the Agreement auto-renews on July 12, 2020 for another year.

17. Accordingly, the Agreement, including Chegg's promise to use only the VST eReader to sell or promote Digital Content, also continues until July 12, 2021.

**Chegg's Declares Its Intent to Breach**

18. On June 16, 2020, Nathan Schultz ("Schultz"), President of Learning Services for Chegg, had a phone conversation with Kent Freeman ("Freeman"), President of VST.

19. During this call, Schultz informed Freeman that Chegg would be moving all new accounts to its own eReader over the next few weeks.

20. Shultz indicated to Freeman that Chegg had been working on this transition for approximately 18 months.

21. Freeman informed Schultz that the Agreement did not permit this transition, and Schultz stated that Chegg's CEO and legal department were aware of that limitation.

22. Chegg has already begun the transition from the VST eReader to its own eReader in violation of the Agreement.

**COUNT I – BREACH OF CONTRACT**

23. VST incorporates the preceding paragraphs herein by reference.

24. The Agreement is a valid and enforceable contract.

25. VST has fully performed all of its obligations under the Agreement.

26. Chegg has materially breach its obligations under the Agreement as described above.

27. VST has been damaged as a direct and proximate result of Chegg's breach of the Agreement and VST is entitled to specific performance of the contract and/or compensatory damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

Accordingly, VST requests that the Court award it:

1. Specific performance of the terms of the Agreement;

2. A money judgment against Chegg in an amount to be proven at trial;

3. Prejudgment interest;

4. Reasonable attorneys' fees and costs incurred in this action, to the extent permitted by law; and

5. Such other relief, specific or general, as the Court deems just and equitable.

Respectfully submitted,

/s/W. Scott Sims
W. Scott Sims (#17563)
R. Mark Donnell, Jr. (#30136)
D. Gil Schuette (#30336)
SIMS|FUNK, PLC
3322 West End Ave, Suite 200
Nashville, TN 37203
(615) 292-9335
(615) 649-8565 (fax)
ssims@simsfunk.com
mdonnell@simsfunk.com
gschuette@simsfunk.com

*Attorneys for Plaintiff*